Henderson, Chief-Justice.
 

 — It is neither alleged, admitted, nor proved, that when
 
 Street
 
 purchased from
 
 Stocks,
 
 he had notice of
 
 Wright C. Stanly’s
 
 prior purchase from him. But it is insisted on behalf of
 
 Stanly,
 
 that notice is entirely unimportant; that it is so, only where one. party has the legal, and the other the equitable interest. That the doctrines founded upon it have no application where both parties have an interest of the same kind, to-wit, both legal or both equitable; in such cases priority cf acquisition is the rule by vt Inch the respective rights of conflicting claimants is determined. For this is cited the case of
 
 Jones
 
 v.
 
 Zollicoffer
 
 so often in this Court. It it true, that where two persons claim the
 
 same thing,
 
 both under a legal, or both under an equitable title, there priority of acquisition alone is regarded, and notice is unimportant. Notice is only important where one claims the legal, and the other the equitable estate. In this case, the parties do not claim the same thing; one claims one part of the
 
 *317
 
 íand, and the other another part. The equity of
 
 Wright C. Stanly
 
 is. that
 
 Stocks
 
 should disencumber his lands from the mortgage, and that as between him and
 
 Stocks,
 
 the whole mortgage debt should be thrown on the residue 0f the mortgage lands retained by
 
 Stocks.
 
 This equity is .Í think personal to
 
 Stocks,
 
 and is not in the nature of a lien on the lands. To affect
 
 Street
 
 with it, he must when he purchased, have liad notice of the obligation imposed on
 
 Stocks,
 
 for there was no such incumbrance on the land, as to affect it in the hands of a
 
 bona fide
 
 purchaser without notice. Had there been notice, I forbear to say what would have been its effects in this case.
 

 But I think
 
 Stanly
 
 has another equity, which the case presents. It appears, that lie paid the purchase money of that part of the mortgaged premises purchased by him, to the mortgagee. This was a payment by the land, and as in equity the land is the debtor, it discharged the lien
 
 pro tanto,
 
 from that part which paid it, as to the holders of
 
 the other part;
 
 and gave the purchaser a right to call upon the mortgagee for all his facilities of enforcing payment out of the other lands, if he, the mortgagee, should levy the balance out of the land thus purchased. For between several purchasers of the mortgaged lands, each one has a right against the others, of compelling every part to bear its burden.
 
 Wright C. Stanly's
 
 purchase has already borne part of the burden. The Master will estimate what each part is to pay, according to these principles, taking as his guide the report made by the Master of Craven County, as to the amount due, value of each part of the mortgaged lands, and the sum paid by
 
 Wright C. Stanly.
 

 Per Curiam.
 

 — Decree accordingly.
 
 *
 

 *
 

 It is proper to say that the case in the Court below was decided upon an admission of notice to
 
 Street-
 
 — the Reporter was Counsel in that Court, and in drafting the decree conceived, erroneously, hat the fact was of no importance, and neglected to insert it